UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DOROTHY COLLINS,  : | |
| Petitioner,  : | |
| : | PRISONER |
| v.  : | CASE NO. 3:08cv747(WWE) |
| : | |
| DONNA ZICKEFOOSE,  : | |
| Respondent.  : | |

**MEMORANDUM OF DECISION**

Petitioner Dorothy Collins, an inmate confined at the Federal Correctional Institution in Danbury, Connecticut ("FCI Danbury"), brings this petition pursuant to 28 U.S.C. § 2241 challenging the denial of early release for completion of the residential drug abuse treatment program. For the reasons that follow, the petition will be denied.

**I.  Background**

On May 14, 2007, in the United States District Court for the District of New Hampshire, Collins was sentenced to a term of imprisonment of fifty-seven months after pleading guilty to charges of interfering with commerce by threats or violence, possession of a firearm with an obliterated serial number and possession of a firearm by a convicted felon. In calculating her sentence, the court adopted the Presentence Investigation Report ("PSI") with one modification to her criminal history score. The PSI stated that Collins had admitted that, through a third party, she and her boyfriend/accomplice had purchased two shotguns and obliterated their serial numbers for the purpose of robbing a store. On the day of the robbery, Collins dropped her accomplice

at the store.  The accomplice brandished a loaded shotgun at store employees and demanded money.  He was subdued in the store.  When the accomplice did not quickly exit the store, Collins fled the scene.  She later was arrested at a hotel, where police found a shotgun in her room.  Based on this information, the court increased Collins' base offense level for the possession of firearm charges by two levels because she possessed shotguns with obliterated serial numbers and then by four levels because she knew that one of the weapons would be used in connection with a felony robbery.  <u>See</u> Magnusson Decl., Doc. #6, Ex. 3, ¶¶ 4-8.

The Federal Bureau of Prisons operates several Residential Drug Abuse Programs ("RDAP") pursuant to 18 U.S.C. § 3621(b) and (e).  An inmate who successfully completes all phases of the program and meets all other eligibility requirements may receive early release of up to twelve months pursuant to 18 U.S.C. § 3621(e)(2)(B).  Collins was accepted into the RDAP but acknowledged, on June 25, 2007, that she was not eligible for early release.  <u>See</u> Magnusson Decl.,¶ 9 & attached Program Notice, Ex. 3-C.

Collins filed three administrative challenges to the denial of early release eligibility.  On October 1, 2007, Collins submitted an Administrative Remedy form to the warden.  The administrative remedy was rejected as untimely because Collins did not submit the request within twenty days of the denial of

early release. Collins did not re-submit the administrative remedy with an explanation of the delay. Instead, on October 11, 2007, she appealed the denial to the Northeast Regional Office. The appeal was rejected as untimely and Collins was instructed to submit evidence at the institutional level showing a valid reason for the late submission. Again, Collins did not submit the requested evidence. On November 6, 2007, she appealed to the Central Office. The appeal was rejected as untimely with instruction to submit evidence showing a valid reason for the untimely filing. See Magnusson Decl., ¶¶ 15-17.

**II. Discussion**

Collins challenges a correctional decision regarding a prison program. Thus, she properly brings her petition pursuant to 28 U.S.C. § 2241. See Carmona v. United States Bureau of Prisons, 243 F.3d 629, 632 (2d Cir. 2001). Collins argues that she was improperly denied a one-year sentence reduction for completion of the RDAP. She contends that the court should follow a recent Ninth Circuit decision holding that the regulation implemented by the BOP, categorically excluding from early release prisoners convicted of offenses involving possession, carrying, or use of firearms, violated the APA. See Arrington v. Daniels, 516 F.3d 1106 (9th Cir. 2008).

Respondent argues that Collins did not exhaust her administrative remedies before commencing this action. Federal

prisoners must exhaust their administrative remedies before filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Carmona, 243 F.3d at 634. The administrative process by which a federal prisoner may pursue a writ of habeas corpus is laid out in the Code of Federal Regulations. In general terms, it requires the prisoner to meet with prison staff, then submit a written request to the warden, then an appeal to the regional director of the Bureau of Prison and then an appeal to the General Counsel's Office. See 28 C.F.R. §§ 542.13(a), 542.14(a), 542.15(a). Only then may a prisoner pursue a writ of habeas corpus in federal court. The time limits provided by the Code of Federal Regulations for each level of review may be extended for a valid reason, including an unusually long period taken for informal resolution attempts. 28 C.F.R. §§ 542.14(b), 542.15(a).

If an inmate fails to timely exhaust her administrative remedies, she has procedurally defaulted the exhaustion requirement. Carmona, 243 F.3d at 632-33. Unless the inmate can demonstrate cause for failing to exhaust administrative remedies and prejudice resulting from the Court's failure to consider her claim, the court cannot review her unexhausted claim in a federal habeas corpus action. Id. at 633-34.

Collins' Administrative Remedy Request and two appeals were denied as untimely. Despite repeated instruction, she did not submit evidence explaining the late filing. Thus, Collins did

not properly exhaust her administrative remedies and her claim is procedurally defaulted. See Gordon v. Yusuff, 102 Fed. Appx. 415 (5th Cir. 2004) (federal habeas petitioner failed to exhaust administrative remedies where no explanation was provided for filing untimely appeal). Unless Collins can demonstrate cause for failing to exhaust administrative remedies and prejudice resulting the court's failure to consider her claim, procedural default will preclude review of the unexhausted claim in a federal habeas corpus action. Carmona, 243 F.3d at 633-34.

Collins argues, presumably in an attempt to establish cause, that exhaustion would be futile because the request would have been decided pursuant to the rule she challenges. See McCarthy v. Madigan, 503 U.S. 140, 148 (1992) (holding that if agency has predetermined the issue or does not have discretion to grant relief, exhaustion may be excused as futile).

The Court is not persuaded by Collins' futility argument under the circumstances of this case. First, Collins never filed a proper administrative remedy at any level because she failed to present evidence explaining the untimely filing. As a result, the merits of her claim never have been reviewed. See, e.g., Green v. Meese, 875 F.2d 639, 641 (7th Cir. 1989) ("No doubt denial *is* the likeliest outcome, but that is not sufficient reason for waiving the requirement of exhaustion. Lightning may strike; and even if it doesn't, in denying relief the Bureau may

5

give a statement of its reasons that is helpful to the district court in considering the merits of the claim.").

Collins asks that a recent Ninth Circuit decision be applied to her request. The administrative remedy process would enable the Bureau of Prisons to review its regulations and policies in light of that decision. There are no published cases within the Second Circuit considering the decision. Thus, the Court cannot predict whether the Bureau of Prisons would adopt or reject the relief Collins requests. Under these circumstances, the Court concludes that exhaustion of administrative remedies would not be futile and Collins has not demonstrated cause for her procedural default. In light of this determination, the Court need not address the prejudice prong of the test.

**III. Conclusion**

The petition for writ of habeas corpus [**Doc. #1**] is **DENIED**. Because reasonable jurists would not find it debatable that Collins failed to exhaust her administrative remedies, a certificate of appealability will not issue. See Slack v. McDaniel, 529 U.S. 473, 484 (2000) (holding that, when the district court denies a habeas petition on procedural grounds, a certificate of appealability should issue if jurists of reason would find debatable the correctness of the district court's ruling). The Clerk is directed to enter judgment and close this case.

**SO ORDERED** this 20th day of November 2008 at Bridgeport, Connecticut.

                                                  /s/
                                      Warren W. Eginton
                                      Senior United States District Judge